**In re: CREEKSIDE LANDING LIMITED, Debtor.**

**Bankruptcy No. 390–03614.**

United States Bankruptcy Court, M.D. Tennessee.

July 6, 1990.

G. Rhea Bucy, Gullett, Sanford, Robinson & Martin, Nashville, Tenn., for debtor.

Barbara Holmes, Nashville, Tenn., Asst. U.S. Trustee.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The issue is whether a Chapter 11 debtor's counsel must give the same notice of a prepetition retainer agreement that is required to be given of an application for approval of fees. Neither the Code, the Bankruptcy Rules, nor the Local Rules require such notice.

### I.

The debtor filed Chapter 11 on April 24, 1990. With the petition, the debtor filed an application to employ Gullett, Sanford, Robinson & Martin as its attorneys. On the same day, the law firm filed a § 329 statement, disclosing the debtor's prepetition retainer and fee agreement:

$22,000.00 paid (exclusive of filing fee), plus additional amounts to the extent that the product of the hours of legal services rendered multiplied by the customary hourly rates charged by the undersigned from time to time for comparable services other than in a case under Title 11, exceeds $22,000.00; ....

An order approving Gullett Sanford's employment was entered on April 26, 1990. The order was served on the U.S. Trustee. The U.S. Trustee filed a "Limited Objection" to the order arguing that approval of the prepetition retainer agreement was inappropriate absent notice to and an oppor-

tunity to object by at least the entities entitled to notice of a fee request.

## II.

Prepetition retainer agreements are addressed by 11 U.S.C. § 329 and Bankruptcy Rules 2016 and 2017. Section 329(a) and Rule 2016(b) specifically consider *disclosure* of a prepetition retainer. Section 329(a) states:

Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, *shall file with the court* a statement of compensation paid or agreed to be paid, if such a payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation. (emphasis added).

Rule 2016(b) complements § 329:

Every attorney for a debtor, whether or not the attorney applies for compensation, *shall file with the court* within 15 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code ... (emphasis added).

These provisions require disclosure only to *the court,* "the judicial officer before whom a case or proceeding is pending." Bankr.R. 9001(4). The wisdom of requiring disclosure of a prepetition retainer only in court papers and without notice to other parties in interest can be debated. However, no provision of the Code or Bankruptcy Rules supports the U.S. Trustee's objection to the notice given by Gullett Sanford.

The Local Rules for the United States Bankruptcy Court for the Middle District of Tennessee currently require somewhat more notice of the prepetition retainer process than do the Code and Bankruptcy Rules. The Local Rules were fully satisfied in this case. Local Rule 14 requires that an *order* authorizing employment of a professional be sent to the debtor, the debtor's attorney, the trustee (if any) and trustee's attorney, the U.S. Trustee, and to all parties that have requested notice. The

existence of a prepetition retainer was stated in the employment order circulated consistent with Local Rule 14. This was more notice than is required by the Code or Bankruptcy Rules.

Section 329(b) and Bankruptcy Rule 2017(a) provide the mechanism for review of prepetition retainers. Challenge to a retainer is by motion. After notice and a hearing, counsel may be required to regurgitate amounts found to be "excessive." *See Legal Aid Society of Northwest North Carolina, Inc. v. Burns,* 80 B.R. 764 (M.D. N.C.1987); *In re Burnside Steel Foundary Co.,* 90 B.R. 942 (Bankr.N.D.Ill.1988). The U.S. Trustee is not here challenging the amount or terms of this retainer agreement under § 329(b) or Rule 2017(a). *Contrast In re Retail Concepts, Inc.,* No. 389–09713 (Bankr.M.D.Tenn. Jan. 31, 1990); *In re Hermitage Marketplace Co.,* No. 289–07870 (Bankr.M.D.Tenn. Feb. 1, 1990).

Applications for compensation and reimbursement of expenses are managed differently than prepetition retainer agreements by the Code, Bankruptcy Rules and by the Local Rules of this court. "After notice to any parties in interest and to the United States Trustee and a hearing, ..." the court may award compensation and reimbursement of expenses to a debtor's counsel. 11 U.S.C. § 330(a). Unless limited by the court, Bankruptcy Rule 2002(a)(7) requires not less than 20 days' notice by mail of a hearing on an application for compensation or reimbursement of expenses in excess of $500 to "the debtor, the trustee, all creditors and indentured trustees...." Bankr.R. 2002(a).

Section 330 and Bankruptcy Rule 2002(a)(7) are implemented in this district by Local Rule 28. Under Local Rule 28, a professional seeking fees or reimbursement of expenses must give notice to the debtor, the debtor's attorney, the trustee if one is serving, the U.S. Trustee, all secured claim holders, any committee appointed and any counsel for a committee, to the 10 largest unsecured claim holders in a case where no committee has been appointed, and to any party in interest requesting notices. Parties receiving notice of a fee application have 20 days in which to object. A hearing is scheduled if an objection is

timely filed. In the absence of a timely written objection, fee requests are uncontested matters resolved without hearings. *See* 11 U.S.C. § 102(1)(B).

Neither § 330, Bankruptcy Rule 2002(a)(7) nor Local Rule 28 are applicable here because Gullett Sanford has not filed a request for compensation or reimbursement of expenses. *See In re McDonald Bros. Constr., Inc.*, 114 B.R. 989 (Bankr.N. D.Ill.1990). Gullett Sanford has only disclosed its receipt of a prepetition retainer consistent with § 329 and Bankruptcy Rule 2016. Gullett Sanford need not comply with the broader notice, disclosure and hearing requirements of § 330, Bankruptcy Rule 2002(a)(7), and Local Rule 28 until it files a request for compensation or reimbursement of expenses.

An appropriate order will be entered.

### ORDER

For the reasons stated in the memorandum filed contemporaneously herewith, IT IS ORDERED, ADJUDGED and DECREED that the U.S. Trustee's objection is overruled.

IT IS SO ORDERED.